## IN THE SUPERIOR COURT OF GUAM BY:_____

PEOPLE OF GUAM,

vs.

SAM MIGINGAD,
aka SAM MIGINIGAD, aka MICHAEL
FUNG,

Defendant.

CRIMINAL CASE NO. CF0493-22

DECISION AND ORDER DENYING
DEFENDANT'S
RELEASE ON PERSONAL
RECOGNIZANCE

## INTRODUCTION

This matter came before the Honorable Benjamin C. Sison, Jr. on September 6, 2022 for a hearing on Defendant Sam Migingad's ("Defendant") Ex Parte Application for Review of Conditions of Release and Request for Hearing under 8 GCA § 40.50. Defendant was present via Zoom and represented by Public Defender Brian Eggleston. The People of Guam (the "People") were represented by Assistant Attorney General David Rivera. The court ruled from the bench DENYING Defendant's Motion for Release on Personal Recognizance. The court now issues this Decision and Order to memorialize its ruling and to comply with 8 GCA § 40.50(a).[1]

## BACKGROUND

In CF0493-22, Defendant is charged with CRIMINAL MISCHIEF (as a 3rd Degree Felony). Indictment (Aug. 2, 2022). According to Guam Police Department Officers and Kinorita Marsino ("Victim"), Defendant was a passenger in Victim's vehicle who became

---

[1] The statute requires "Unless the conditions of release are amended and the person is thereupon released, the judge shall set forth in writing the reasons for requiring the conditions imposed."

upset. Decl. of Matthew M. Shuck (July 28, 2022). When the vehicle stopped, Defendant exited the vehicle, took out a knife, and stuck it in both front tires. *Id.* Officers were dispatched to the old flea market in Dededo, where they saw a male— later identified as Defendant— who immediately moved to hide behind parked cars. *Id.* Officers then saw Victim, who was yelling "That's him, he's the one that flat my tires!" *Id.*

Defendant has another open case, CF0044-21, where Defendant is also alleged to have committed criminal mischief to Victim's vehicle. *Id.* At the time of arrest Defendant had open bench warrants in case numbers RS0015-21 and CF0044-21. At the time of hearing the Defense had a global plea agreement which had not yet been lodged with the court. Defendant was confined pending the posting of two thousand dollars ($2,000) cash bail. Commitment Order (Jul. 28, 2022). Defendant filed the instant motion on August 8, 2022. The People failed to file a written opposition, but noted their oral opposition to release during the motion hearing.

## DISCUSSION

Title 8 of the Guam Code Annotated § 40.15(b) provides that the court must "order the person charged to be released on recognizance, *unless the judge determines*, in his discretion, on the basis of available information, that such a release *will not reasonably assure the appearance of the person as required* or will endanger the safety of any other person or the community." (Emphasis added). In making such a determination, the court is guided by the following factors:

> (1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;
> (2) the history and characteristics of the person charged, including:
> > (A) length of his/her residence on Guam;
> > (B) his/her employment status and history, and financial condition;
> > (C) his/her family ties and relationships;

(D) his/her reputation, character, and mental and physical condition;
(E) *his/her prior criminal record*, if any, *including any record of prior release on recognizance or on bail*;
(F) his/her history relating to drug or alcohol abuse;
(G) the identity of the reasonable members of the community who will vouch for his/her reliability;
(H) whether, at the time of the current offense or arrest, he/she *was on probation, on parole, or on other release pending trial, sentencing, appeal or completion of sentence of an offense* under federal, state or local law; and
(I) *his/her history of compliance with other court orders*;
(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released;
(4) statements of the alleged victim or others as to previous incidences of violence and threats made to the alleged victim;
(5) lethality risk assessments or other *risk assessments deemed appropriate by the Judiciary of Guam*; and
(6) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 GCA § 40.15(c) (emphasis added).

Defendant proffers he does not have the means to pay the requested cash bail and is thus seeking release on his own recognizance or an unsecured bond. Defendant argues that release on personal recognizance is mandatory unless the release will not reasonably assure the appearance of Defendant as required or will endanger the safety of any other person or the community. According to Defendant, he does not pose a flight risk because he has lived on Guam for 12 years and does not pose any danger because the alleged crime is a "non-violent one, involving only property damage."

At hearing the People opposed release until the global plea agreement was finalized. The People argued that Defendant was facing a felony while out on felony release, and that Defendant had multiple bench warrants issued in prior cases. The People also noted that Ms. Marsino was the victim in CF0044-21. The People highlighted that in prior cases Victim had been fearful of Defendant's release and stay away orders had been

violated. Although the People acknowledged that Victim was now requesting contact with Defendant, this did not change their opposition— given the violations that occurred.

The court finds that Defendant's history indicates the risk of Defendant's willful failure to appear and comply with the court's future orders. This is evidenced by the Indictment of CF0493-22, wherein the People provide a Notice of Commission of a Felony while on Felony Release. The notice alleges that Defendant committed the crime in CF0493-22 while he was on pre-trial release for CF0044-21. Also relevant is the court's prior issuance of bench warrants on November 23, 2021 and October 18, 2021 in Cases RS0015-21 and CF0044-21, respectively. In fact, those warrants remained open until Defendant was arrested on July 27, 2022 for the instant case. Accordingly, the court is not convinced that Defendant will appear as required or will comply with the court's orders.

Based on the information provided to the court, especially Defendant's failure to appear as required and abide by pre-trial release conditions, and upon the court finding no substantial change to any of the conditions that were before the Magistrate Judge setting the bail at $2,000, and that such conditions are the least onerous conditions at this time, the court therefore DENIES Defendant's Motion for Release.

## CONCLUSION

Based on the foregoing, Defendant's Motion for Release on Personal Recognizance is hereby DENIED.

**SO ORDERED this** ___ **day of October, 2022.** Nunc Pro Tunc September 26, 2022

**HONORABLE BENJAMIN C. SISON, JR.**
**Magistrate Judge, Superior Court of Guam**